[No. 1627.]

## A. H. MANNING, APPELLANT, v. JEROME BOWMAN, AS ADMINISTRATOR OF THE ESTATE OF S. W. BOWMAN, DECEASED, RESPONDENT.

AGENT—COMPENSATION—PLEADING—ADMISSIONS—CONCLUSIVENESS.   1.  Where, in an action for services rendered as agent from June 30, 1896, to June 30, 1900, the answer alleged the termination of the agency on February 24, 1897, there is an admission of liability for part of the time in question which will render a general verdict for defendant erroneous, under Comp. Laws 1900, sec. 3160, declaring allegations not specially contraverted to be taken as true.

2.  Where the answer in action for services as agent admits liability for part of the time in question, the effect of such admission cannot be avoided by testimony of plaintiff's witnesses inconsistent with the admission.

APPEAL from the Second Judicial District Court, Washoe County; *B. F. Curler*, Judge.

Action by A. H. Manning against Jerome Bowman, as administrator of the estate of S. W. Bowman, deceased. Judgment for defendant, and plaintiff appeals. **Reversed.**

The facts sufficiently appear in the opinion.

*Wren & Julien*, for Appellant:

I.  "The test of mental capacity is whether the person possesses sufficient mind to understand, in a reasonable manner, the nature and effect of the act in which he is engaged, and in order to avoid a contract it must appear not only that the party was of unsound mind or insane when it was made, but that this unsoundness or insanity was of such a character that he had no reasonable perception or understanding of the nature and terms of the contract."   (*Hall* v. *Unger*, 4 Saw. U. S. 672; *Ex parte Northington*, 37 Ala. 496; 79 Am. Dec. 67.)

II.  In *Concord* v. *Rumney*, the court says:  "In no case at the present day is it a mere question whether a party is insane.   The point to be established is whether the party is so insane as to be incapable of doing the particular act with understanding and reason."   (*Concord* v. *Rumney*, 45 N. H. 428.)

*Benjamin Curler*, for Respondent:

I.  All of the evidence of the witnesses was admissible

expert and opinion evidence upon the issue as to the mental condition of said S. W. Bowman; opinions of persons acquainted with his business and social habits, held to be admissible evidence. (*Estate of Brooks*, 54 Cal. 471; *People v. Fine*, 77 Cal. 147; *State v. Lewis*, 20 Nev. 347; *In re Carpenter*, 79 Cal. 386; *Wheelock v. Godfrey*, 100 Cal. 578; *People v. Pico*, 62 Cal. 50; *People v. Levy*, 71 Cal. 623; *Estate of Dalrymple*, 67 Cal. 445; *Estate of Wax*, 106 Cal. 348; *Holland v. Zollner*, 102 Cal. 633; 2 Cal. Digest, p. 1518, secs. 49-53, incl.)

II.   As a general rule, it may be stated that where a principal becomes insane after appointing an agent, this operates *per se* as a revocation or suspension of the agent's authority, except in cases where a consideration has been given, or the power is otherwise coupled with an interest. (*Bruce v. Gallagher*, 5 Blatchf. U. S. 481; *Berry v. Skinner*, 30 Md. 567; *Matthiessen Refining Co. v. McMahon*, 38 N. J. L. 537; *Hill v. Day*, 34 N. J. Eq. 150; *Black v. Garwood*, 42 N. J. Eq. 276; *Wills v. Manhattan Co.*, 2 Hall, N. Y. 495.)

III.   Lunatics or persons who are actually insane cannot bind themselves civilly, and, where insanity is proven, all question as to the validity of contracts made by them during the period of insanity is at an end. (*Corbett v. Smith*, 7 Iowa, 60.)

IV.   Habitual insanity, or that which in its nature is continuous and chronic, if once shown to exist, raises a presumption in favor of its continued existence to the time of a contract, attacked on the ground of mental unsoundness; and the burden of proof is on the party asserting sanity and the validity of the contract. (*Corbett v. Smith*, Am. Dec. 431; *Allen v. Burryhill*, 27 Iowa, 544; *Richardson v. Strong*, 55 Am. Dec. 430.)

V.   A person may be capable of disposing by will, and yet incapable of making a contract, or to manage his estate. For, to make a contract more than passive, memory must exist; there must be sufficient active memory to collect particulars of business to be transacted and retain them until their relations are perceived, and to form some rational judgment concerning them. (*Potts v. House*, 50 Am. Dec. 329; *Converse v. Converse*, 52 Am. Dec. 58.)

By the Court, BELKNAP, J.:

This action is brought to recover judgment against the estate of Samuel W. Bowman, deceased, for services rendered by plaintiff as his attorney and agent from June 30, 1896, to June 30, 1900.

An answer was filed controverting some of the allegations of the complaint, but admitting that upon the 17th day of January, 1881, deceased gave a general power of attorney to plaintiff to transact business for him in this state, "and said plaintiff thereupon became and thereafter continued to act as the agent of Samuel W. Bowman, deceased, until on or about the 30th day of June, 1897, when said agency was terminated as hereinafter alleged." Then follows an allegation that upon the last-named day Samuel W. Bowman became *non compos*, and incapable of legally transacting any business whatever, and remained incapacitated until his death, June 30, 1900.

Before the trial the answer was amended, and February 24, 1897, instead of June 30th, fixed as the day when incompetency occurred. A jury returned a general verdict for defendant. By it they must have concluded that the incapacity of defendant arose upon the date fixed by the amended answer, to wit, February 24, 1897.

From June 30, 1896, when the service commenced, to February 24, 1897, when it terminated, nearly eight months elapsed, during which the answer admits plaintiff acted as agent and attorney for decedent.

The admission must be taken as true for the purposes of this action. (Section 3160, Comp. Laws 1900.)

Respondent seeks to avoid its effect by calling to his aid the testimony of one of appellant's witnesses, who, upon cross-examination, testified that deceased attended to his own business matters until February 24, 1897. This cannot help the case. The testimony is inconsistent with the admission.

In *Paige* v. *Willet*, 38 N. Y. 31, where a similar question was considered, the court said: "Such admissions are conclusive upon the parties litigant and upon the court, and no contradictory evidence can properly be received, or if it is, either through inadvertence or tacit consent, foisted into the case, is entitled to no consideration." (11 Am. & Eng. Enc. Law, p. 447.)

The judgment and order denying a motion for a new trial are reversed, and cause remanded for new trial.

MASSEY, C. J.:   I concur.

FITZGERALD, J.:

I think the judgment in this case should be for the plaintiff for the sum of $200, being for eight months' services at the rate of $25 a month, and, if plaintiff files with the clerk of the lower court his consent to such a judgment within twenty days after the remittitur goes down, then such should be the judgment in the case; but, if plaintiff fails to file such consent, then the order denying a new trial should be reversed, and a new trial ordered.